# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| KIMBERLY CARTER, on behalf of her minor child, JOSSELYN KISH, a minor, | * <br> *    No: 13-633V <br> *    Special Master Christian J. Moran |
| Petitioner, | * <br> * |
| v. | *    Filed: September 21, 2015 <br> * |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | *    Attorneys' fees and costs; award <br> *    in the amount to which respondent <br> *    does not object. <br> * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * * * * * *

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for petitioner;
Ryan D. Pyles, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION ON FEES AND COSTS[1]

On September 8, 2015, respondent filed a stipulation of fact concerning final attorneys' fees and costs in the above-captioned matter. Previously, petitioner submitted a draft application for attorneys' fees and costs to respondent for review. Upon review of petitioner's application, respondent raised objections to certain items. Based on subsequent discussions, petitioner amended her application to request $26,525.00, an amount to which respondent does not object. The Court awards this amount.

On September 3, 2013, Kimberly Carter filed a petition for compensation on behalf of her minor child, Josselyn Kish, alleging that the measles-mumps-rubella ("MMR") and/or a varicella, which Josselyn received on January 17, 2011, caused

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this ruling on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

her to suffer from a permanent degradation in her immune system and an aggravation of her immune disorder.  The information in the record, however, did not show entitlement to an award under the Program.  Decision, issued August 19, 2015.

Even though compensation was denied, a petitioner who brings her petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs.  See 42 U.S.C. § 300aa–15(e)(1).  Here, counsel for petitioner gathered medical records and obtained reports from experts, and moved for a decision on the record when further investigation revealed that petitioner was unlikely to prove her case.  Thus, because petitioner's counsel acted in good faith and because there was a reasonable basis for proceeding, petitioner is eligible for an award of attorneys' fees and costs.  Respondent does not contend that petitioner failed to satisfy these criteria.

Petitioner seeks a total of **$26,525.00** in attorneys' fees and costs for her counsel.  Additionally, in compliance with General Order No. 9, petitioner represents that she personally incurred no reimbursable costs in pursuit of her claim.  Respondent has no objection to the amount requested for attorneys' fees and costs.

After reviewing the request, the Court awards the following:

> **A lump sum of $26,525.00 in the form of a check made payable to petitioner and petitioner's attorney, Van Cott & Talamante, PLLC, for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

The Court thanks the parties for their cooperative efforts in resolving this matter.  The Clerk shall enter judgment accordingly.

Any questions may be directed to my law clerk, Dan Hoffman, at (202) 357-6360.

**IT IS SO ORDERED.**

                                          s/Christian J. Moran
                                          Christian J. Moran
                                          Special Master